# 870 NEW JERSEY MISCELLANEOUS REPORTS.

MARIO TURTUR, PROSECUTOR, v. THEODORE W. BROKAW, CLERK OF THE CITY OF ELIZABETH, ET AL., RESPONDENTS.

Decided October 21, 1926.

Officers—Certiorari to Review the Act of City Clerk in Certifying One Turley on Payroll as License Inspector—Both the Prosecutor, Turtur, and Turley Claim the Office—Contest is One as to the Legal Right to Hold the Office, and the Remedy is Quo Warranto—Certiorari Dismissed.

On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Louis J. Feit*.

For the respondents, *Edward Nugent*.

PER CURIAM.

This writ brings up for review the action of the city clerk and officials of the city of Elizabeth in certifying one William J. Turley on the payroll of the city, for services rendered as license inspector of the board of excise commissioners, from January 1st, 1926, to January 15th, 1926.

The prosecutor desires to test the validity of this certification, contending that he, and not Turley, is the duly authorized license inspector of the city of Elizabeth.

Paragraph 17 of the stipulation of facts before us is as follows:

"Upon the election of Mario Turtur as license inspector as aforesaid, both said Turtur and Turley attempted to perform the duties of license inspector. Said Turley still has his desk in the office of the city clerk in the same manner as prior to January 1st, 1926, and if called as a witness would swear that he is performing exactly the same duties as he performed prior to the election of said Turtur. Tur-

tur, if called as a witness, would swear that he had performed all of the duties pertaining to the office of license inspector. Both Turtur and Turley, as license inspectors, make reports to the board of excise commissioners of the city of Elizabeth, but the reports of Turley are not accepted and acted upon, and the board does accept and act on the reports of Turtur."

Clearly, this is a case of contest as to the right to hold and occupy an office, with a serious contest as to which of the two parties claiming the right is actually occupying the office.

The situation is not like that in *Murphy* v. *Freeholders,* 92 *N. J. L.* 244, and cases therein cited, where an officer was in possession of the office and sought to remove from his way a proceeding which might be used unlawfully to eject him or disturb him in the tenure of his office.

On the contrary, as we have before stated, this is a contest as to the legal right to have and occupy a public office, and the remedy to settle that controversy is *quo warranto*.

The writ of *certiorari* is therefore dismissed, with costs.