WILLIAM L. CAMPBELL, RELATOR, v. GEORGE J. BRENNAN, RESPONDENT.

Argued May 3, 1928—Decided November 30, 1928.

12

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the relator, *Cole & Cole*.

For the respondent, *Joseph B. Perskie*.

The opinion of the court was delivered by

PARKER, J. The information charges that on or about March 7th, 1927, the director of public safety of Atlantic City undertook to appoint respondent, Brennan, as a regular detective and a member of the police department of that city contrary to law, in that said Brennan was then above the age of thirty-five years; such appointment being forbidden by chapter 324 of the laws of 1926. *Pamph. L., p.* 600. To this respondent pleaded that prior to the act of 1926, to wit, on May 1st, 1925, he was duly appointed a clerk in the police department of Atlantic City and received his pay from the police budget or police payroll thereof, and immediately after appointment "assumed his duties as head of the vice squad of the police department," and performed his duties as head of the vice squad as clerk of the chief of police, until his appointment on March 7th, 1927, as detective in the department. That on May 1st, 1925, the law applicable was chapter 184 of 1920 (*Pamph. L., p.* 369), an amendment to Municipalities act of 1917 prescribing an age limit of fifty-five years for appointees, and that respondent was then forty-six years of age; and that chapter 212 of the laws of 1920 (*Pamph. L., p.* 408) expressly prescribes that in cities other than those of the first class, clerks of the bureau of detectives or detective department, having charge of the filing and docketing of police records of said bureau, and clerks or secretaries to the chief of police, * * * "shall be members of the police force of said city."

Atlantic City is within the purview of this act. The deduction from these premises is that the appointment of March 7th, 1927, was not an original appointment, but a promotion in the force, and unaffected by the act of 1926. This is challenged by the demurrer.

It is conceded that respondent was appointed under chapter 212 of the laws of 1920; but the attack is on that as unconstitutional in excluding cities of the first class and thereby, as claimed, creating an illusory classification. We see no substance in this point, which is settled to the contrary beyond peradventure by a multitude of decisions, of which it is sufficient to cite *McCarthy* v. *Queen*, 76 *N. J. L.* 144; *affirmed, Ibid.* 828, and *McCarter* v. *McKelvey*, 78 *Id.* 3.

We agree with counsel for relator that *quo warranto* is the proper procedure in this case, and being of opinion that the constitutionality of chapter 212 of 1920 cannot be successfully impugned and it being conceded that respondent is within its terms, we award a judgment for respondent on the demurrer.