WILLIAM SPECK, PROSECUTOR, v. BOROUGH OF FAIR-VIEW AND GEORGE MOSELEY, RESPONDENTS.

Submitted March 23, 1929—Decided April 16, 1929.

Before Mr. Justice PARKER, sitting alone pursuant to the statute.

For the prosecutor, *Charles J. McCarthy.*

For the borough, *Joseph W. Marini.*

PARKER, J. This is an attempt to review by *certiorari* the action of the borough council in appointing the respondent Moseley to the police force as patrolman at a stated salary. The status of the prosecutor does not appear in any of the papers before me, but I take it for granted that he is a citizen and taxpayer; it is not challenged in any way.

At the argument I intimated to counsel the view that *certiorari* would not lie in a case of this kind, and examination of the authorities confirms that view.

If a member of the police force is a public officer, his status as such cannot be attacked by *certiorari*, either by one claiming the same office: *Turtur* v. *Brokaw*, 134 *Atl. Rep.* 747; 4 *N. J. Mis. R.* 870, or by an outsider. *Diebert* v. *South Amboy*, 137 *Atl. Rep.* 647; *Zenkert* v. *Garfield*, 137 *Id.* 548; 5 *N. J. Mis. R.* 498. *Certiorari* may lie when the existence of the office itself is in dispute. *Lewis* v. *Newark*, 74 *N. J. L.* 308, 313; *Laughran* v. *Jersey City*, 86 *Id.* 442; but that question does not arise in this case.

That a policeman is a public officer seems well settled. It was so assumed as of course in *Hoboken* v. *Gear*, 27 *N. J. L.* 265, 280, in which a policeman sued for salary on the theory of contract, and it was held that as a public officer he had no contract relation with the city. This was followed by *Van Sant* v. *Atlantic City*, 68 *Id.* 449. *Wilson* v. *Ramsey*, 86 *Id.* 263, in the Court of Errors and Appeals, was a *quo warranto*, and properly so, as it challenged the appointment of Ramsey as chief of police. In *Moore* v. *Bradley Beach*, 87 *Id.* 391, I had occasion to deal with the question whether a borough marshal, *qua* public officer, might by *certiorari* challenge the validity of a resolution purporting to remove him from office, as something tending to disturb him in his possession thereof. That case, which is the converse of this, illustrates the principle exception to the rule that title to an existing public office is not triable by *certiorari*. Moore *v.* Bradley Beach was expressly approved and followed by the Court of Errors and Appeals. *Murphy* v. *Freeholders*, 92 *Id.* 244. It is cited here particularly for the holding that a borough marshal is a public officer.

The very recent case of *Campbell* v. *Brennan*, 143 *Atl. Rep.* 806; 6 *N. J. Adv. R.* 1791, which involved the situation here presented of an age limit to appointments, was in *quo warranto*, and the Supreme Court expressly stated that such was the proper procedure. The relator in that case was a citizen and taxpayer.

Counsel for prosecutor cites *Westervelt* v. *Tenafly,* 4 *N. J. Mis. R.* 579, a *certiorari* case in which the court considered the validity of an appointment to the office of sergeant in the police department. The propriety of *certiorari* is not discussed or mentioned and apparently was not raised by counsel; but it is noteworthy that the only case cited in the *per curiam* opinion is *Wilson* v. *Ramsey, supra,* which, as just noted, was in *quo warranto.*

I am clear that the right of the respondent Moseley to the office of patrolman cannot be tested in the present *certiorari,* and the writ will therefore be dismissed.